The Judges pronounced their opinions.
JUDGE TUCKER.
1. The first point made by Mr. Wickham was, that an action of covenant will not lie in this case against his client, Ward, as he was only a security, and so named in the condition of the bond, given by him and Dong, the principal, for making a title to the lands in question: but I think the objection does not lie; for the condition is, that the bond shall be void, if Dong, and Ward, his security, make unto the plaintiff, or his heirs, &c. a clear deed in fee-simple for the lands. Now Dong and Ward might have been joint-tenants, or tenants in common, or coparceners in the land; in which case both must have joined in the conveyance, though one only had sold to the plaintiff; and since the condition imports that something is to be done by both the seller and the security, (and not by either of them singly,) 53 we must suppose it was understood *by the parties that something was necessary to be done by both. Therefore, an action of covenant, I conceive, well lay against both.
2. Another point was, that the plaintiff, Johnston, having accepted a confeásion of judgment against Dong, the principal, with a stay of execution, the security was thereby exonerated. How far this may be the case in a Court of Equity, it is not for me to say at present; but at law, I concur with Mr. W’irt that it ought to have been pleaded as a plea puis darrein continuance; which was not done. And, if it had been, I am not prepared to say it would have had the effect contended for by Mr. Wickham; but, upon this point, I give no opinion; nor is it necessary; since the terms upon which the judgment was taken do not appear upon the record, at the time of the judgment, August 31, 1797; nor at any time before. And I hold that all that was done in the County Court afterwards forms no part of the case; the writ of supersedeas referring expressly to the judgment rendered on that day, although the Clerk has confounded the judgment of that day, with subsequent proceedings six months after.
The entry of the judgment against both defendants, on the confession of one only, was clearly erroneous; and that error ought to have been corrected by the District Court; which, however, it has omitted to do. It is therefore incumbent upon this Court to do it. A majority of the Court I understand to be of opinion, that the District Court ought to have permitted the defendant to plead the acceptance of a confession of judgment by Dong, with a stay of execution, as a plea puis darrein continuance. If he had offered to plead such a plea, I should have thought the Court ought not to have rejected it; as it might have been demurred to, and the question of law would then have been brought regularly before the Court: but I am not prepared to say that the Court erred in not giving a permission which does not appear to have been 54 asked. I submit, ^however, to the opinion of the other members of the Court, as it may be the means of settling a question of general importance by a solemn decision hereafter.
JUDGE ROANE.
The proceedings in this case are extremely loose and irregular: but it is evident, that the judgment of August, 1797, against both defendants on the confession of Dong only, is erroneous; and so are some of the subsequent proceedings of the County Court, which would neither permit the appellee to consider the judgment of August, 1797, as also extending to Ward, (and consequently to charge him by an execution,) nor permit him to go on, and get a judgment-against him. I consider all these proceedings to have been brought up by the supersedeas, and that they should be reversed, (if it be necessary as to the latter,) and a judgment rendered against Dong only, on his confession; retaining the cause also for trial against Ward in the District Court. But, as it judicially appeared to the District Court, on the bill of exceptions stated in the record, that the judgment against Dong was in consequence of a - new agreement to which the appellant, Ward, was no party, he ought to have been permitted by the District Court to avail himself of that circumstance, (if it would legally avail him,) and that, although the agreement, in fact, took effect prior to the confession of the judgment in the County Court.
I am, therefore, of opinion to reverse the judgment of August, 1797, rendered against both defendants; to enter one against Dong pursuant to the agreement in his bond; and retain the cause for trial as to Ward, with liberty for him to change his plea, if he thinks it necessary.
JUDGE FDEMING.
There is no difference of opinion as to the merits of the case. *31 One Judge only doubted whether there was error in not giving the appellant leave to plead the new matter by way of 55 plea puis darrein continuance. *But a majority of the Court is in favour of the following judgment.
The judgment of the District Court of May 27, 1802, is to be reversed. “And this Court is further of opinion, that there is no error in so much of the judgment of the said District Court, rendered on the day of October, 1800, as reverses the judgment ■of the County Court of Greenbrier of the thirty-first of August, 1797, in favour of the said Johnston against William Long and the said Ward, and retains the cause in the District Court for a trial thereof to be had between the said Johnston and Ward. But a majority of this Court is of opinion, that there is error in the said judgment of the District Court in directing the cause to be tried on the issue already joined between the said parties in the said County Court, without giving leave to the said Ward to plead any matter subsequent to the original plea, or such other matters, in the nature of a plea puis darrein continuance, as he might be advised for his further defence. And this Court is also of opinion, that there is error in the judgment of the said District Court in not proceeding to render such judgment as the said County Court ought to have given upon the confession of the plaintiff’s action in that Court by the defendant Long. Therefore, it is further considered, that the said judgment of the District Court of the day of October, 1800, and also that of the County Court aforesaid, be reversed and annulled, and that the said Johnston recover against the said Ward his costs in the District Court. And further it is considered, that the said Johnston recover against the said Long the sum of two hundred pounds, with interest thereon at the rate of five per centum per annum, from the thirtieth day of September, 1794, the sum agreed on as the measure of damages between the said Johnston and Long, according to the tenor and effect of the defendant Long’s bond to the said Johnston; also his costs by him expended in the prosecution of his suit in the said County Court antecedent to the confession of judgment by the said William 56 *Long. And it is ordered, that a new trial be had in the cause between the said Johnston and Ward, with leave to the said Ward to plead any matter subsequent to the original plea, or such other matter in the nature of a plea puis darrein continuance, as he may be advised for his further defence.”